# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BOBBY M. ELLIS, | ) |
| | ) |
|      Petitioner, | ) |
| | ) |
| v. | )   Case No. CIV-10-498-W |
| | ) |
| WARDEN DAVID PARKER, | ) |
| | ) |
|      Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, filed this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Respondent has filed a motion to dismiss the petition [Doc. No. 9] and a brief in support (Respondent's Brief) [Doc. No. 10], alleging that the petition is untimely pursuant to 28 U.S.C. § 2244(d). Petitioner has filed a response [Doc. No. 11], and the matter is at issue. For the reasons set forth hereafter, it is recommended that Respondent's motion be granted and the petition dismissed as untimely.

**I.    Background**

Petitioner was convicted after jury trial of two counts of first degree rape (Counts I and IV), two counts of lewd molestation (Counts II and V) and two counts of preparing child pornography (Counts III and VI) in Case No. CF-2003-536, District Court of Kay County.

Petition, p. 1;[1] Respondent's Brief, Ex. 1 (Oklahoma Court of Criminal Appeals (OCCA) Summary Opinion, *Ellis v. State*, Case No. F-2006-826). Petitioner was sentenced to 75 years of imprisonment on each count of first degree rape, 20 years of imprisonment on each count of lewd molestation, and 10 years of imprisonment and a $1,000.00 fine on each count of preparing child pornography, and the sentences were ordered to be served consecutively. *Id.* Petitioner appealed, and on October 12, 2007, the OCCA affirmed his convictions and sentences except that the conviction on Count VI was reversed and remanded to the district court with instructions to dismiss and the conviction on Count III was remanded for a nunc pro tunc order correcting the judgment and sentence to reflect the appropriate conviction for Preparing Child Pornography rather than Soliciting a Minor for Indecent Exposure. Respondent's Brief, Ex. 1.

Petitioner's first application for post-conviction relief, filed on October 24, 2008, was denied by the district court on December 16, 2008. The OCCA dismissed Petitioner's initial attempt to appeal that denial, finding that the pleadings filed by Petitioner on March 17, 2009, were filed outside the thirty day appellate time period and thus failed to properly invoke the court's jurisdiction. Respondent's Brief, Ex. 4 (OCCA Order Declining Jurisdiction and Dismissing Attempted Post-Conviction Appeal, Case No. PC-2009-238). Thereafter, on May 21, 2009, Petitioner filed a subsequent application for post-conviction relief seeking an appeal out of time which the OCCA granted on January 7, 2010. *Id.*, Ex.

---

[1]The form petition begins on page two.

3 (OCCA Order Affirming Denial of Post-Conviction Relief, Case No. PC-2010-53), p. 1 n.1 (citing Case No. PC-2009-1149). Petitioner filed the appeal on January 29, 2010, and on April 6, 2010, the OCCA affirmed the district court's denial of post-conviction relief. *Id.,* Ex. 3.

Petitioner raises the following grounds for federal habeas relief: (1) ineffective assistance of trial counsel; (2) abuse of judicial discretion based on certain rulings by the trial court; (3) prosecutorial misconduct; (4) denial of an impartial jury, the right to give a jury instruction, and the right to a defense through newly discovered evidence; (5) judicial prejudice resulting in a denial of the right to present witnesses and a change of venue; (6) violation of due process violation based on the failure to record all court proceedings and "falsified" trial transcripts; and (7) failure to establish a proper chain of custody for a videotape admitted at trial. Rather than address the merits of these claims, Respondent has moved for dismissal of the petition as time barred.

**II.   Analysis**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which took effect on April 24, 1996, amended 28 U.S.C. § 2244 to provide that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court," running from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is

removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Unless a petitioner alleges facts that would implicate the provisions set forth in Section 2244(d)(1)(B),(C), or (D), the period of limitation under this statute runs from the date the judgment became "final" as provided by Section 2244(d)(1)(A). *Preston v. Gibson,* 234 F.3d 1118, 1120 (10th Cir. 2000). In calculating the limitation period for actions under 28 U.S.C. § 2254, federal courts are required to toll the time a petitioner spent seeking "post-conviction or other collateral review with respect to the pertinent judgment or claim" in state court. *See* 28 U.S.C. § 2244(d)(2); *Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998).

## A. Timeliness Under § 2244(d)(1)(A)

For purposes of § 2244(d)(1)(A), Petitioner's conviction became final on January 10, 2008, the date Petitioner's time for filing a petition for certiorari expired, *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001), and the AEDPA's one-year statute of limitations period started to run the next day, on January 11, 2008, and expired on Sunday, January 11, 2009. *See* Fed. R. Civ. P. 6(a) ("In computing any period of time . . . the day of the act, event, or default from which the designated period of time begins to run shall not be included."); *United States v. Hurst*, 322 F.3d 1256 (10th Cir. 2003) (holding that one-year limitation

4

period under § 2244(d)(1) expires on anniversary date of the triggering event). Because the limitation period expired on a Sunday, Petitioner's federal habeas petition was not due until Monday, January 12, 2009. Fed. R. Civ. P. 6(a)(1)(c). Therefore, absent statutory or equitable tolling of the limitations period the instant petition, filed at the earliest on April 29, 2010,[2] was untimely filed pursuant to 28 U.S.C. § 2244(d)(1)(A).

**B. Tolling Under § 2244(d)(2)**

The tolling provision of 28 U.S.C. § 2244(d)(2) applies during the pendency of a "properly filed" state post conviction action. Petitioner first filed an application for state post-conviction relief on October 24, 2008,[3] after 286 days of the limitations period had run,

---

[2]The petition bears a file-stamped date from this Court of May 12, 2010. However, a petition is deemed "filed" when the petitioner gives it to prison authorities for mailing. *Fleming v. Evans*, 481 F.3d 1249, 1255, n.2 (10th Cir. 2007); *Hoggro*, 150 F.3d at 1227 (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)). Because the petition reflects that it was signed on April 29, 2010, and contains a verification that the petition was placed in the prison mailing system on April 29, 2010, Petition, p. 16, the petition has been considered filed on that date.

[3]Petitioner asserts that his application for post-conviction relief which was filed in the state court on October 24, 2008, was in fact mailed on October 6, 2008, Petition, pp. 4 & 15; Petitioner's Response, p. 2 & 3; however, the Tenth Circuit has held that a state action for collateral relief must be "properly filed" under the State's own procedural rules in order to toll the limitations period. *See Adams v. LeMaster*, 223 F.3d 1177, 1181 (10th Cir. 2000) ("we have clearly held, as has every one of our sister circuits, that state procedural law must govern when determining whether a state petition is 'properly filed.'"). Initial proceedings in Oklahoma district courts are considered commenced, and thus "filed" for purposes of Oklahoma's post-conviction statute, "'when a properly verified application for post-conviction relief is delivered to the proper district court for the purpose of filing.'" *Burger v. Scott*, 317 F.3d 1133, 1140 (10th Cir. 2003)(quoting *Moore v. Gibson*, 27 P.3d 483, 488 (Okla.Crim.App. 2001)). In *Moore*, the OCCA rejected application of a "mailbox rule" for pro se prisoners' initial post-conviction filings in the Oklahoma district courts, instead directing the inquiry as to whether a state petition is "properly fled" for purposes of Sec. 2244(d) to "an examination of evidence showing that the proper documents were either delivered to or received by the courts, rather than to or by prison officials." *Burger* at 1140.

In this case, the evidence of record shows that Petitioner's application for post-conviction
(continued...)

5

thus tolling the one-year period with approximately 79 days remaining.[4] Respondent's Brief, Ex. 1, p. 11. After the district court denied post-conviction relief on December 16, 2008, Petitioner had thirty days or until January 15, 2009, to appeal the decision. *See* Rule 5.2(C)(2), Rules of the Oklahoma Court of Criminal Appeals (giving a petitioner 30 days in which to file a petition in error and a brief when appealing the denial of an application for post-conviction relief). Even though Petitioner did not timely file an appeal, he is entitled to this additional 30 days tolling. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) ("we hold today that, regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law"). Thus, the limitation period began running again on January 16, 2009, and continued until it expired 79 days later on Saturday, April 4, 2009, giving Petitioner until Monday April 6, 2009, to file a timely federal habeas petition. Fed. R. Civ. P. 6(a).

Because statutory tolling is available only during the pendency of a properly filed

---

[3](...continued)
relief was "properly filed" on October 24, 2008. Respondent's Brief, Ex. 2 (docket in *State v. Ellis*, Case No. CF-2003-536).

[4]Respondent correctly asserts that Petitioner's March 28, 2008, motion for transcripts at public expense did not toll the running of the one-year period under § 2244(d)(2). *See Osborne v. Boone*, No. 99-7015, 1999 WL 203523, *1 (10th Cir. April 12, 1999) (unpublished op.). Nor did Petitioner's alleged difficulty in obtaining/paying for transcripts constitute an "impediment to filing" an application for federal habeas relief within the meaning of § 2244(d)(1)(B). *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (rejecting § 2244(d)(1)(B) claim of impediment to legal materials because of lack of specificity with regard to alleged lack of access); *see also Gauthier v. Higgins* 175 Fed. Appx. 174, 176 (10th Cir. March 15, 2006).

post-conviction proceeding, Petitioner is not entitled to statutory tolling for the period of time during which his March 3, 2009, attempt to appeal the denial of his post-conviction application was pending. That attempt to appeal was not "properly filed" as demonstrated by the OCCA's dismissal for lack of jurisdiction. *See Pink v. McKune*, 146 Fed. Appx. 264, 266 (10th Cir. Aug. 17, 2005) (finding petitioner was not entitled to statutory tolling for the time between the expiration of the time to appeal the denial of post-conviction relief and the filing of a motion for leave to file a late appeal because no "properly filed application" was pending). Petitioner's second application for post-conviction requesting an appeal out of time did not operate to toll the limitations period because it was not filed until May 21, 2009, over one month after the limitations period had expired. *Hoggro v. Boone*, 150 F.3d 1223, 1227 n.4 (10th Cir. 1998) ("We may not count the additional time during which Hoggro appealed the denial of his application for post-conviction relief because that appeal was untimely."); *Kiel v. Scott*, No. 98-6208, 1999 WL 76910, at *1 (10th Cir. Feb. 18, 1999) (unpublished op.) (because appeal was untimely, district court correctly concluded that it was not "properly filed" within the meaning of § 2244(d)(2) and did not further toll the statute of limitations).

In sum, with the benefit of statutory tolling during his initial post-conviction proceeding, Petitioner's limitation deadline was extended until April 6, 2009. Because the habeas petition was filed at the earliest on April 29, 2010, absent equitable tolling, this action is time-barred.

7

## C. Petitioner's Reliance on § 2244(d)(1)(B)

The focus of Petitioner's response to Respondent's motion to dismiss is that his "untimely filing was through no fault of his own . . . ." Response, p. 3. Rather, Petitioner asserts that the state district court clerk was at fault for failing to send to Petitioner a certified copy of the district court's December 16, 2009 order denying his application for post-conviction relief so he could file a timely appeal to the OCCA. Petitioner's Response, p. 3 (citing OCCA Rule 5.3(A)). The undersigned has broadly construed Petitioner's Response to contend that such failure created an impediment to the timely filing of his federal habeas petition, thereby triggering a later onset of the limitations period pursuant to 28 U.S.C. § 2244(d)(1)(B) (providing that the limitation period may begin as of "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action[]").

Petitioner argues that the state district court clerk violated the procedural rules of the OCCA by failing to notify Petitioner of the district court's denial of post-conviction relief, and the limitations period cannot be properly calculated until all such impediments are removed. *Id.* However, Petitioner's claim that a state court clerk negligently[5] failed to follow Oklahoma law does not show the "existence of an impediment to filing [an application for habeas relief] created by State action in violation of the Constitution or law

---

[5]Petitioner makes no claim that the clerk's failure was intentional or the result of any state law or policy. To the contrary, he bases his claim on the clerk's failure to follow state law.

8

of the United States" so as to implicate the provisions of § 2244(d)(1)(B). Moreover, as more fully discussed *infra* in connection with equitable tolling, Petitioner fails to allege facts showing how a delayed receipt of the district court's December 16, 2008, order denying post-conviction relied prevented him from filing the instant federal habeas petition. *See Weibley v. Kaiser*, 50 Fed. Appx. 399, 403 (10th Cir. Nov. 6, 2002) ("Weibley's claim is insufficient because he does not allege specific facts that demonstrate how his alleged denial of these materials impeded his ability to file a federal habeas petition") (citation omitted)). Thus, contrary to Petitioner's assertion, § 2244(d)(1)(B) does not operate to extend the limitation period beyond the April 6, 2009, date under § 2244(d)(1)(A).

### D. Equitable Tolling

Although "the timeliness provision in the federal habeas corpus statute is subject to equitable tolling," *Holland v. Florida*, __U.S.__, 130 S.Ct. 2549, 2554 (2010), a petitioner is entitled to equitable tolling only if he demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2563 (internal quotation marks omitted). The petitioner bears the "burden to show specific facts" involving extraordinary circumstances and due diligence. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008); *see also Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (identifying the showing required of the petitioner for equitable tolling of the limitations period under 28 U.S.C. § 2244(d)).

Construing Petitioner's pro se pleadings liberally, it appears that he seeks equitable tolling to extend the limitation period. To the extent he contends equitable tolling is

warranted based on the "lengthy process" of mailing his legal papers to his brother for copying due to his indigency and his incarceration, Petitioner's Response, p. 4, such claim is without merit. Petitioner fails to identify any specific delay caused by this process. Moreover, Petitioner cites no authority holding that difficulties in obtaining copies of legal papers constitute an "extraordinary circumstance" warranting equitable tolling. In any event, the Tenth Circuit has held that a prisoner's pro se status and attendant lack of access to an attorney do not warrant equitable tolling. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). The undersigned finds, therefore, that Petitioner has failed to show that he is entitled to equitable tolling on this basis.

In the response to the form petition's inquiry regarding the timeliness of his petition, Petitioner provided a time line which details his pursuit of post-conviction relief following the OCCA affirmance of his conviction. Petition, p. 15. It appears that Petitioner believes that this time line demonstrates that he was delayed in filing a timely post-conviction appeal, through no fault of his own, and accordingly, that he is entitled to equitable tolling due to "extraordinary circumstances." Thus, Petitioner asserts that he was not provided timely notice of the district court's December 16, 2008 order denying his application for post-conviction relief. According to Petitioner, on February 5, 2009, he mailed a "status inquiry" to the district court clerk and in response he received an uncertified copy of the district court's order on February 18, 2009. Petition, p. 15. Petitioner further states that on February 18, 2009, he mailed a request for a certified copy of the district court's order, and on March 2, 2009, he received such order. *Id.* The district court docket reflects that Petitioner's notice

of intent to appeal was filed on March 3, 2009. Respondent's Motion, Ex. 2. Petitioner details his continued efforts to file a post-conviction appeal in the OCCA which ultimately resulted in the denial of the merits of his appeal allowed out of time by the OCCA. Petition, p. 15.

The Tenth Circuit Court of Appeals has recognized that a prisoner's lack of knowledge that the state courts have reached a final resolution of his case can provide grounds for equitable tolling if the prisoner acted diligently in the matter. *Woodward v. Williams*, 263 F.3d 1135, 1142-43 (10th Cir.2001) (citing *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam)).[6] *See also Jenkins v. Johnson*, 330 F.3d 1146, 1155 (9th Cir. 2003) (remanding for a determination of whether equitable tolling should be applied where state court's clerk's office mistakenly failed to send notice to counsel, the delayed notice involved only four months, and state remedies were pursued "as expeditiously as practically possible"); *Miller v. Collins*, 305 F.3d 491, 496 (6th Cir. 2002) (pro se petitioner was entitled to equitable tolling where delayed notice amounted to six months and court found that petitioner "acted diligently to protect his rights both before and after receiving notice," by

---

[6]In *Woodward*, the petitioner filed a timely habeas petition, but the issue of equitable tolling arose when he tried to raise additional claims after the § 2244(d)(1) limitation period had expired. Woodward had tolled the running of the § 2244(d)(1) limitation period by filing a post-conviction action in the state courts, but claimed he was unaware of the state appellate court's decision in that action-and thus unaware the tolling had ceased-until after the federal limitation period had expired. Woodward sought equitable tolling from the date of the state appellate court's final decision, to the date he first received notice of that decision. Finding the district court had not adequately addressed this equitable tolling claim, the Tenth Circuit remanded the matter to the district court to "balance the equities of this case on the record and, if necessary, determine when Woodward actually learned of the state court's decision." *Woodward*, 263 F.3d at 1143.

filing a motion with the state court when no order appeared to be forthcoming); *Drew v. Dep't. of Corr.*, 297 F.3d. 1278, 1288 (11th Cir. 2002) (holding that "[a] lengthy delay between the issuance of a necessary order and an inmate's receipt of it might provide a basis for equitable tolling if the petitioner has diligently attempted to ascertain the status of that order").

The undersigned finds that Petitioner has demonstrated that his notification of the district court's order denying post-conviction relief on December 16, 2008, was delayed. *See Woodward*, 263 F.3d at 1143 (remanding the case to the district court for further consideration of the petitioner's equitable tolling claim, instructing the district court to "balance the equities of this case on the record and, if necessary, determine when Woodward actually learned of the state court's decision"). Petitioner has sworn under penalty of perjury that he did not receive notice of the district court's denial of his application for post-conviction relief until February 18, 2009, in response to his inquiry. Petition, p. 15. Additionally, Petitioner has attached a file-stamped copy of the state district court's order finding that the records of the court clerk's office did not indicate that Petitioner had been provided a certified copy of the December 16 order and recommending that Petitioner be granted a post-conviction appeal out of time. Petitioner's Reply, Ex. 3 (Order Recommending Appeal Out of Time, Case No. CF-2003-536, dated November 17, 2009). Further, Respondent has not addressed Petitioner's allegation regarding the delayed notice of the district court's order nor its impact, if any, on the timeliness of the instant petition. Under these circumstances, the undersigned finds that Petitioner has sufficiently

12

demonstrated that he did not receive notice that the state district court had denied his application for post-conviction relief on December 16, 2008, and that this is an "extraordinary circumstance" that can support equitable tolling.

However, even if Petitioner's delayed receipt of the district court's order amounts to an "extraordinary circumstance," his petition is still untimely because equitable tolling applies only to the period during which he failed to receive notice of the disposition of his post-conviction application. *See Miller v. Collins*, 305 F.3d at 496 (finding the one-year period tolled from the date of the state court's decision regarding petitioner's application to reopen his direct appeal until the date petitioner received notice of the decision, where petitioner adequately demonstrated that he did not, in fact, receive a copy of the order and thus lacked knowledge of the decision, petitioner acted diligently by inquiring of the state court and by acting promptly after receiving notice of the decision, and the state failed to argue that it would be prejudiced). Thus, even if the one-year limitation period, as extended to April 6, 2009, by the statutory tolling previously discussed, is equitably tolled from December 16, 2008, to February 18, 2009, or 64 days, Petitioner's habeas petition was due on June 9, 2009, and the petition, filed April 29, 2010 is untimely.

The undersigned further finds that Petitioner is not entitled to equitable tolling beyond the sixty-four day time frame previously discussed because he failed to exercise due diligence in pursuing his claims after he became aware of the district court's denial of post-conviction relief. By Petitioner's account, following his inquiry as to the status of the case, he received a copy of the state district court's order on February 18, 2009. Petition, p. 15.

By that time, Petitioner's 30-day time period for filing an appeal from the district court's adverse decision had already expired (January 15, 2009). However, rather than diligently seeking leave to appeal out of time, Petitioner proceeded to the OCCA with an untimely appeal. Petitioner's decision to bypass the correct route cannot be attributed to others. Nor can Petitioner rely on any lack of knowledge with regard to state court rules for obtaining an out of time appeal, as "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)). *See also Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (ignorance of AEDPA's statute of limitations is insufficient to warrant equitable tolling). Thus, the federal one-year limitation period had expired well before he sought an out of time appeal in the district court on May 19, 2009, and Petitioner fails to show that he acted diligently after he became aware of the district court's order denying post-conviction relief. Therefore, even given a period of equitable tolling, the tolling is insufficient to extend the limitation period sufficiently to make Petitioner's habeas petition timely.

**Conclusion**

The present petition is untimely because it was filed beyond the one-year limitation period in § 2244(d)(1)(A) and Petitioner is not entitled to a later triggering date under § 2244(d)(1)(B). Additionally, even if the Court assumes that Petitioner is entitled to sixty-four days of equitable tolling under the facts and circumstances related above, his time for filing a timely habeas petition expired on June 9, 2009, well before the instant petition was

filed. Accordingly, it is recommended that Respondent's motion to dismiss the present petition be granted.

## **RECOMMENDATION**

Based upon the foregoing analysis, it is recommended that Respondent's motion to dismiss [Doc. No. 9] be granted and the petition for a writ of habeas corpus be dismissed as untimely. Petitioner is advised of his right to file an objection to this Report and Recommendation in accordance with Fed. R. Civ. P. 72(b)(2). Any such objection must be filed with the Clerk of this Court by the 21st day of March, 2011. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 28th day of February, 2011.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE