IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

BOBBY M. ELLIS,  )
                Petitioner,  )
                  )
vs.  )  No. CIV-10-498-W
                  )
WARDEN DAVID PARKER,  )
                Respondent.[1]  )

## ORDER

On February 28, 2011, United States Magistrate Judge Bana Roberts issued a Report and Recommendation in this matter, and recommended that the Petition for Writ of Habeas Corpus ("Petition") filed by petitioner Bobby M. Ellis be dismissed as untimely, as argued by respondent David Parker, Warden. The parties were advised of their right to object, and the matter now comes before the Court on the Brief in Support of Motion to Object to Report and Recommendation filed by Ellis.

Upon de novo review of the record, the Court concurs with Magistrate Judge Roberts' suggested disposition of Parker's Motion to Dismiss Time-Barred Petition and her finding that Ellis' Petition was untimely filed.

Ellis was convicted by a jury of two counts of first degree rape, two counts of lewd molestation and two counts of preparing child pornography in the District Court of Kay County, Oklahoma. State v. Ellis, No. CF-2003-536. In accordance with the jury's recommendations, Ellis was sentenced to terms of imprisonment of seventy-five (75) years

---

[1]To the extent, if any, Ellis has named the Attorney General of the State of Oklahoma as a respondent, the Court **DISMISSES** said party. The proper respondent is the person having custody of Ellis, which in this case is the Warden of the prison where Ellis is incarcerated.

on each count of first degree rape, twenty (20) years on each count of lewd molestation and ten (10) years on each count of preparing child pornography. The sentences were ordered to be served consecutively.

Ellis appealed, and on October 12, 2007, the Oklahoma Court of Criminal Appeals ("OCCA") in a Summary Opinion affirmed his convictions and sentences as to all counts, except one count that charged Ellis with preparing child pornography.[2] Ellis v. State, No. F-2006-826.

Ellis thereafter unsuccessfully sought post-conviction relief in state court. Ellis v. State, No. PC-2009-238; Ellis v. State, No. PC-2009-1149; Ellis v. State, No. PC-2010-53. His efforts to obtain redress in state court began on October 24, 2008, and eventually ended on April 6, 2010. Id.

Ellis' Petition and the grounds raised therein are subject to the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). For purposes of the AEDPA, Ellis' conviction became final on January 10, 2008, e.g., id. § 2244(d)(1)(A), and the one-year period therefore began to run on January 11, 2008, and expired, after application of Rule 6(a), F.R.Civ.P., on January 12, 2009. The Petition is deemed filed in this case on April 29, 2010. Accordingly, this matter is time-barred unless Ellis can establish that the one-year limitations period has been tolled.

---

[2]The Oklahoma Court of Criminal Appeals ("OCCA") reversed Ellis' conviction on one count of preparing child pornography and remanded the matter with instructions to dismiss. As to Ellis' conviction on the second count of preparing child pornography, the OCCA remanded the matter to the state district court to correct the Judgment and Sentence, which inaccurately reflected that Ellis had been convicted of soliciting a minor for indecent exposure/obscene material.

2

In reviewing Ellis' submissions, the Court finds that Ellis is entitled to statutory tolling, e.g., 28 U.S.C. § 2244(d)(2)(time during which properly filed application for post-conviction or other collateral review pending not counted), while his state post-conviction proceedings were pending and thus, his limitations period was extended to, and did not expire until, April 3, 2009.

Ellis' Petition nevertheless remains time-barred if Ellis cannot also establish that the limitations period should be equitably tolled.[3] Equitable tolling applies in "rare and exceptional circumstances," Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000), and Ellis "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010)(quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)(emphasis deleted)).

Even assuming arguendo that Ellis' delayed receipt of the state district court's Order dated December 16, 2008, denying his Application for Post-Conviction Relief rises to the level of an "extraordinary circumstance" that warrants equitable tolling, the Court finds that such tolling of the limitations period only extends Ellis' due date for seeking federal habeas relief to early June 2009. Ellis' Petition, which was filed at the earliest on April 29, 2010, is therefore time-barred.

---

[3]The Court finds that Ellis' reliance on 28 U.S.C. § 2244(d)(1)(B) is misplaced and that section 2244(d)(1)(B) provides no relief under the instant circumstances. See Weibley v. Kaiser, 50 Fed. Appx. 399, 403 (10th Cir. 2002)(claim under section 2244(d)(1)(B) is insufficient if petitioner does not allege specific facts demonstrating how alleged denial of materials impeded his ability to file federal habeas petition).

3

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 11] issued on September 23, 2010;

(2) GRANTS Parker's Motion to Dismiss Time-Barred Petition [Doc. 9] filed on June 28, 2010;

(3) DISMISSES Ellis' Petition with prejudice; and

(4) in light of the Court's findings with regard to the timeliness of the Petition, DENIES Ellis' attempt in his Brief in Support of Motion to Object to Report and Recommendation [Doc. 13] file-stamped March 16, 2011, to amend his Petition to include Ground 8, entitled "Biasness of the Court."

ENTERED this 31st day of March, 2011.

LEE R. WEST
UNITED STATES DISTRICT JUDGE